**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATAGONIA, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>NYC IDOL APPAREL INTL. INC.; XTRA SOURCE INC. DBA SOURCE PRO; S E J GROUP CO. INC.; SAM HAMWAY; SAROWAR HOSSAINE; APEX APPAREL ASSOCIATES, INC. AND DOES 1-10.,<br><br>                    Defendants. | Case No. 25-cv-02929-JPC<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Jury Trial Demanded |

Plaintiff Patagonia, Inc. ("Patagonia") complained against defendants Xtra Source Inc. dba Source Pro, S E J Group Co. Inc., Sam Hamway, Sarowar Hossaine, and Apex Apparel Associates, Inc. ("Settling Defendants") for trademark counterfeiting and infringement, false designation of origin, trademark dilution, unfair competition, and copyright infringement under federal and state law.  Patagonia alleged that Settling Defendants imported, produced, marketed, offered for sale, sold, and distributed counterfeit and infringing versions of Patagonia's authentic products.

The Court enters final judgment in favor of Patagonia and against Settling Defendants based on the following facts and conclusions of law.

## I.    FACTUAL FINDINGS

1.    This Court has subject matter jurisdiction over this lawsuit because it includes federal claims under the Lanham Act and Copyright Act. See 28 U.S.C. §§ 1331 and 1338(a); 15 U.S.C. § 1121; 15 U.S.C. §§ 1051 et seq.; 17 U.S.C. §§ 101 et seq.; and 28 U.S.C. § 1367(a). The parties all have consented to personal jurisdiction and venue.

2.      Patagonia owns numerous registrations for the PATAGONIA trademark, and for its distinctive logo depicting a mountain skyline in undulating banded colors (the "P-6 logo"), for a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402/ Feb. 9, 1982 | Men's and Women's Clothing – Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
| | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing – Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing – Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |

- 2 -

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| PATAGONIA | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| PATAGONIA.COM | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| PATAGONIA | 2662619/ Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| PATAGONIA | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| PATAGONIA | 5561006/ Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations are valid, in full force and effect and have become incontestable under 15

U.S.C. § 1065.  Collectively, these marks, Patagonia's other registered trademarks, and its

common law marks are referred to as the "Patagonia Trademarks." Through long use, many

billions of dollars in sales, and prominent display of the logo on products worn for decades in the marketplace, the PATAGONIA trademark became famous within the meaning of the Lanham Act (15 U.S.C. 1125(c)) before any of the Defendants' relevant conduct.

3.     Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo design.  A color image of the P-6 logo design follows:



4.     Among the products Patagonia has designed, produced and sold bearing the Patagonia Trademarks and the Patagonia copyright is its Down Sweater.  Images showing authentic Patagonia Down Sweaters are shown below:




5.     Defendants have imported, distributed, promoted, offered for sale, and sold approximately 6,140 products bearing a logo similar to that of the Patagonia Trademarks (the "Counterfeit Products").  These products are exact copies of Patagonia's Down Sweater product,

and include copies of the logos, branding, hang tags, care labels, and every other element of the products that show the Patagonia Trademarks and copyrighted design.  These products are "counterfeits," within the meaning of 15 U.S.C. § 1127.

6.    Defendants sold the Counterfeit Products to a number of distributors, including Quarter Industries, Inc. and Freddy Mann.  After quality complaints and consumer returns led Quarter Industries to return a portion of the Counterfeit Products it had purchased from Defendants, the Defendants arranged for the products to be returned to the custody of the foreign manufacturer, after which they were resold by that manufacturer to NYC Idol, another distributor and also a defendant.

7.    Patagonia learned of the Counterfeit Products when a consumer tried to return one of the counterfeit "Down Sweaters" to Patagonia because of poor fit and quality after the consumer had purchased it from a downstream retailer which, in turn, had purchased the product from one of Defendants' distributors.  Images of the Counterfeit Products are included below:





## II.    CONCLUSIONS OF LAW

7.    Defendants offered and sold counterfeit products copying Patagonia's down sweaters jackets.  All of the trademarks and copyrights used on those products are substantially identical to the Patagonia Trademarks and Patagonia's copyrights in violation of Lanham Act §§ 32, 34, 35, 43 and 17 U.S.C. § 501(a).

8.    Statutory damages are available to Patagonia under 15 U.S.C. § 1117(c) and 17 U.S.C. § 504. Patagonia has elected to receive statutory damages in lieu of any actual damages. Patagonia also is entitled to its attorneys' fees because the nature of the counterfeiting, including the resale of products after they had been returned, makes this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## III.    JUDGMENT

Based on these findings and conclusions of law, JUDGMENT is entered in favor of Patagonia against Defendants, as follows:

A.    Defendants are jointly and severally liable to pay Patagonia three hundred thousand dollars ($300,000) in statutory damages and attorneys' fees.

B.      Defendants, their agents, employees, attorneys, successors, assigns, affiliates, joint ventures, related companies, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under Defendants' control, who receive(s) actual notice of this Judgment, are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

1.      Manufacturing, producing, sourcing, importing, offering for sale, selling, distributing, advertising, or promoting products that counterfeit the Patagonia Trademarks or Copyrights or bear any marks that are substantially similar to any of the Patagonia Trademarks or Copyrights;

2.      Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to any affiliation or association of Defendants or their products or services with Patagonia;

3.      Using the Patagonia Trademarks in any manner that damages Patagonia's goodwill or business reputation;

4.      Using any design that is substantially similar to Patagonia's copyright in the P-6 logo design, or otherwise infringing any of Patagonia's rights under the Copyright Act and any other source of federal or state copyright law;

5.      Otherwise competing unfairly with Patagonia in any manner; and

6.      Assisting, encouraging, or aiding and abetting any person or entity engaging in or performing any act prohibited by this injunction.

C.      All parties shall bear their own costs.

- 8 -

Dated:  June  24  , 2026

_____
Hon. John P. Cronan
United States District Judge

The parties "have asked the Court to enter a consent judgment to resolve the case," Dkt. 160, and because in a consent judgment "all of the relief to be provided by the judgment and all of the wording to effectuate that relief is agreed to by the parties," the Court "makes no determination of the merits of the controversy or of the relief to be awarded," *Janus Films, Inc. v. Miller*, 801 F.2d 578, 582 (2d Cir. 1986).  This decree "may not be cited as an adjudication of contested issues" with respect to third parties.  *Id.* at 584 (internal quotation marks omitted).  The Clerk of Court is respectfully directed to close this case.

- 8 -